485 P.2d 589

**Edward Lee MAYS, Appellant,**

v.

**Frank EYMAN, Warden, Arizona State Prison, State of Arizona, Appellee.**

**No. I CA–HC 21.**

Court of Appeals of Arizona, Division 1, Department B.

June 7, 1971.

Rehearing Denied July 2, 1971.

Review Denied Sept. 21, 1971.

Meadow, Cheche, Thrasher & Zalut, by Henry L. Zalut, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

HAIRE, Judge.

In this appeal from the trial court's denial of a habeas corpus petition, we are asked to determine whether the evidence presented at the habeas corpus hearing required a finding by the trial court that the prosecuting attorney wrongfully intimidated a defense witness so as to deprive the defendant-petitioner of his right to a fair trial. This appeal by Edward Lee Mays is from the trial court's denial of his petition for a writ of habeas corpus through which he sought to obtain his release from the Arizona State Prison.

The relevant facts are as follows. Appellant Edward Lee Mays and one David C. Morgan were jointly charged in Criminal Information No. CR–53194 with three felony counts. Prior to trial, Morgan entered a plea of guilty to two of the counts, and the third count, as well as a separate criminal action then pending against him, were then dismissed, all as the result of a plea bargain. As a result of his guilty plea, Morgan received a sentence of from five to seven years at the Arizona State Prison.

Appellant Mays entered a plea of not guilty to the three counts with which he was charged. The Maricopa County Public Defender was appointed to represent Mays, and Mr. Kenneth Arrick was assigned as his counsel. Mr. Arrick subpoenaed David Morgan, who was then serving his prison sentence, to testify on behalf of appellant Mays at trial. In his habeas corpus petition Mays contends that the testimony of David Morgan would have exculpated him concerning the three counts contained in the criminal information. While Morgan was waiting to be called to testify, the deputy county attorney assigned to prosecute Mays entered into an unwitnessed conversation with Morgan. Mays alleges that in the course of this conversation the prosecutor threatened Morgan that if he testified on behalf of Mays, he (Morgan) would get an increased prison term of from five to ten years over that he was then presently serving and that the previously dismissed matter would be reinstated. Mays alleges that as a direct and sole consequence of these threatened actions, Morgan refused to testify when called to do so at trial. It is this allegation that forms the primary basis for his habeas corpus petition.

Were these allegations proven, we would have no hesitancy in condemning such conduct. However, our thorough examination of the record convinces us that appellant failed to prove these allegations. Mays waited two years after his trial had been concluded to file his habeas corpus petition. During this period he did not advise his trial counsel of these allegations until immediately prior to the filing of the petition. Morgan, likewise, had not until recently advised his former attorney of these alleged threats, nor did he advise the trial court of the same at the time of his refusal to testify. The prosecutor in question was examined at the hearing in the Superior Court, and, while testifying that he did have a brief conversation with Morgan,

denied threatening him in any manner. Indeed, the only evidence that such threats had been made was the uncorroborated testimony of Morgan, a convicted felon. Under these circumstances, we cannot find that the court arrived at a clearly erroneous conclusion in denying appellant's petition.

■ Appellant's contention concerning the prosecutor's alleged impropriety in questioning Morgan at all in the absence of Morgan's attorney, even if improper as to Morgan, can in no manner prejudice appellant's rights. Morgan was but a witness subpoenaed to testify at appellant's trial, and an adverse party can conduct an *ex parte* examination of any prospective witness in a trial. Rosser v. State of Arizona, 45 Ariz. 264, 42 P.2d 613 (1935).

Affirmed.

JACOBSON, P. J., and EUBANK, J., concur.